UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RECEIVED
PRO SE OFFICE
2014 JAN 30 A 11:50

------------------------------------------------x

**Victor T. Djangmah**

**Plaintiff**

    Vs.                                      **14CV0732**

**SGT. NIEVES HIRAM, POM BUBECK WILLIAM,
OFFICER WILSON, OFFICER ALEISO
JOHN DOE 1, NYPD et.,al
NEW YORK CITY POLICE DEPARTMENT,
357 W 35th St, New York, NY 10001**

**Defendants'**

------------------------------------------------x

**VERIFIED COMPLAINT
FOR MONEY DAMAGES, CIVIL
RIGHTS VIOLATIONS**

**U.S.C. Title 42, SECTION
1983, 1985, 1986 and 1988**

**JURY DEMAND HEREIN**

### I.   INTRODUCTION AND OPENING STATEMENT

1. This action is brought by "Plaintiff," Victor T. Djangmah, hereinafter, "Plaintiff," against State Officials acting under color of State law, for Civil Rights Violations, involving Non-compliance, Wrongful Arrest, Wrongful Detention, Domestic Terrorism, Threats of Physical Damage, Permanent Mental Damage, Emotional Distress, Defamation, Embarrassment, Humiliation, Impairment of Reputation, Theft of Property, Denied plaintiff food and water

1

Trespass, and denied "Plaintiff" his "Right to Liberty" on a public right of way in which to provide life essentials for her family. At all times relevant herein, the Defendants' all City "State" Officials, Employees' of the Mid-Town South Police Department and their agents acting under color of State law and outside their jurisdiction and scope of Authority, willfully caused "Plaintiff" a damage, deprivation of rights, physical, and mental injury, and in so doing, violated clearly established law as those laws apply to "Plaintiff's" rights protected under the Bill of Rights, particularly under the 1st, 4th, 5th, 6th, 8th, Article of the Bill of Rights (Amendments), Civil Rights, and pertinent to the 14th Amendment to the Constitution of the United States of America. Be it known, each of the City "State" Officials herein have sworn an "Oath of Office" in regards to their duties, and therefore, each of their acts under "Color of State Law," equates to criminal conspiracy under Section 1985, working in concert, while in non-compliance, gross misrepresentation and deceptive trade practices is unlawfully receiving an income derived, directly or indirectly, from a pattern of unlawful activity.

## II JURISDICTION AND VENUE

2. All allegations set forth in paragraph 1 are incorporated herein its entirety by reference.

3. "Plaintiff" brings this action pursuant to Title 42 USC Section **1983, 1985, 1986, 1988**, and invokes the jurisdiction of this Court pursuant to Title 28 USC Section 1343 (A), (3), (4), and Title 28 USC Section 1331, and pertinent to the 14th amendment, Title 42 USC Section 1983, and the Civil Rights Act of 1870, Section 6, "rights protected under the Constitution" particularly under the 1st, 4th, 5th, 6th, 8th, and pertinent to the 14th Amendment to the Constitution of the united states of America, and Title 18 USC Chapter 13 Section 241 – Conspiracy against rights, Title 18, Chapter 13 Section 242 – Deprivation of rights under the color of law, Title 18 USC Chapter 4 – Misprision of Felony, Title 42 USC Section 20000d-7.

2

### III    PARTIES

4. All allegations set forth in paragraph 1 and 3 are incorporated herein in its entirety by reference.

5. **"Plaintiff,"** Mr. Djangmah, hereinafter, "Plaintiff", at all times relevant herein, domicile on Queens County, New York City/Republic. "Plaintiff," has lived on New York City since 1992.

6. **Defendant**, SERGEANT Neives Hiram, hereinafter, an Employee of the New York City Police Department, at all times relevant, to this complaint, is a Sergeant for the New York, City of, POLICE DEPARTMENT, [NYPD], and a resident of New York, acting in such capacity as agent, servant, and/or, employee of, CITY OF NEW YORK, POLICE DEPARTMENT, Sergeant Hiram is being sued in his individual AND Official Capacity.

7. **Defendant**, [POM],OFFICER BUBECK WILLIAM, hereinafter, acting , at all times relevant, to this complaint, is an officer for the New York, CITY POLICE DEPARTMENT, and a resident of UNKNOWN COUNTY, acting in such capacity as agent, servant, and/or, employee of, CITY OF New York POLICE DEPARTMENT, OFFICER [POM] is being sued in his individual capacity.

8. **Defendant**, OFFICER WILSON, hereinafter, acting, at all times relevant, to this complaint, is an officer for the NEW YORK CITY OF POLICE DEPARTMENT, [NYPD], and a resident of UNKNOWN COUNTY, acting in such capacity as agent, servant, and/or, employee of, CITY OF NEW YORK POLICE DEPARTMENT, OFFICER Wilson is being sued in his individual capacity.

9. **Defendant**, OFFICER ALIESIO, hereinafter, OFFICER ALIESO, at all times relevant, to this complaint, is an officer for the CITY OFNEW YORK POLICE DEPARTMENT, and a resident of UNKNOWN COUNTY,

    Acting in such capacity as agent, servant, and/or, employee of, NEW YORK CITY POLICE [NYPD] and OFFICER ALIESIO is being sued in his individual capacity.

10. **JOHN DOE # 1** by name on tag "Wilson" hereinafter, JOHN DOE #1, at all times relevant, to this complaint, is also employee of the New Police Department. Responsible of transporting plaintiff back and forth from their Manhattan Mid-Town Sub-Station to Community Court and Central Booking employee, residence unknown, Badge # and full name unknown acting in such capacity, and in concert. JOHN DOE #1 is being sued in his individual.

## IV    STATEMENT OF FACTS

11. All factual allegations herein this complaint began on July 18, 2013 on or about 11:47 pm and continues until present,

12. All allegations, injury and damage alleged in this complaint are ongoing and continue unless otherwise stated.

13. July 18, 2013, on or about 11:47 pm, "Plaintiff "was heading home from work. At west on 40th between 7th & 8th Ave.

15. On July18, 2013, on or about 11:47 pm, Plaintiff was on foot walking towards Port Authority.

16. Plaintiff was yelled out of his name "hey come here" by Sgt. Hiram as defendants' and two other John Does' jump out of Unmarked silver car. As plaintiff excise his liberty and rights.

17. Plaintiff was ordered to produce identification for no apparent reason. Plaintiff responded as to why he needed identification and stressed the fact that, he is minutes away from missing his bus.

4

18. Plaintiff was screamed and yelled, verbally assaulted; "if you don't fucking give me your Identification am going to arrest you" Plaintiff requested why? He asked if there has been any Crime Committed by the plaintiff; Defendant got close to his face, and shouted, with intimidation "You wanna try me tonight? "I will ruin your fucking night, I am in charge".

19. Defendant asserted that he could make up reasons for detaining Plaintiff; he then picked up a bottle on the street and stated to plaintiff well you were drinking and sited a stature code of public intoxication.

20. Defendant then picked up a bottle from the ground and flip the bottle and stated" plaintiff I assumed you just finish drinking that" defendant stated to plaintiff if he want to give his identification up or want to go to jail and he is giving plaintiff "3"seconds to produce identification, or will make up other reasons for arresting Plaintiff and taking him to jail.

21. Plaintiff was **Not** told, as to why he was been arrested. Sgt. Hiram ordered his partner arrest. Plaintiff by pining him against the patrol car. Defendant threatened to add resisting arrest charge and at no time till present did Plaintiff Miranda rights were read to him upon the arrest.

22. Sgt. Hiram "Stated am the law and am in charge" As Sgt. Hiram radio marked [NYPD] unit to pick-up plaintiff. Plaintiff was illegally search without his consent and Sgt. Hiram, POM Bubeck William and other John Doe' confiscated plaintiff book bag and illegally without his consent search his bag.

23. Sgt. Hiram refused Plaintiff his right to make a phone call to his wife or job. Plaintiff was ordered to take off his shoes. Plaintiff requested for water shortly upon arrival to the station. POM and other John Does" denied "Defendant" "stated others have been here for hours and not requested for water or food.

5

24. On July 19, 2013, on or about 11:47pm, SERGEANT, perpetrated a fraud when he, deceived Plaintiff into believing there was an emergency, he falsely created the illusion of an emergency, <u>not only</u> **did defendants' striped plaintiff of his liberty but illegally kidnapped, threaten with cohesion and intimidation and detained plaintiff without course. Defendants' were armed and dangerous and plaintiff feared for his life.**

25. SGT. Hiram, POM Bubeck William and other Unknown John Doe 1 exited his patrol car, defendant and his partners were armed and dangerous, and Plaintiff feared for his life.

26. Plaintiff was not free to leave, and was in fact, threaten to be additionally charged with alcohol intoxication and resisting arrest.

27. SERGEANT Hiram ordered Plaintiff, gives evidence against Him, and was fingerprinted out of fear, Plaintiff complied, Sgt. Hiram never at any time witness a crime been committed. As a direct proximate result of the acts of Defendants, Plaintiff suffered the following injuries and damages:

a. Violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of his person;

b. Loss of his physical liberty;

c. Intentional, offensive contact with his body.

d. Flash back of Fear of imminent peril resulting from an offer or attempt to injure him.

e. Negligent Infliction of Emotional Distress

**All this actions by Defendants' violated the following clearly established and well settled federal Constitutional rights of Plaintiff. Freedom from the unreasonable seizure of his person.**

28. Plaintiff seeks to hold the NYPD liable for the acts of its Officers under its entity and jurisdiction in which it operates and thereby allege clear constitutional deprivation.

6

**29.** OFFICER Wilson arrived, with partner Alieso and advised plaintiff of transporting him to a community Court nearby. Defendants' listed transporting plaintiff to community Court as stated above; while in route Defendants was driving erratic and irresponsible, deliberately going over bums on the road; causing plaintiff to hit his head several times as cuffs shifted and plaintiff suffered minor bruises as a result.

**30.** OFFICERS' transporting Plaintiff was armed and dangerous, and Plaintiff feared for his life, Plaintiff was not free to leave. Few minutes upon arrival, Plaintiff was again transported back to the "Original" Mid-Town Pct. were he was once again with two others, transported into a van.

**31.** Upon entering the van the first alleged suspect suggested to Officer Wilson and his Partner that the van was indeed hot and "if defendants' would PLEASE turn on the Air/AC while they get their paper work ready. Defendants' refused and "Don't worry while the truck start moving you will have some air".

**32.** Plaintiff and other alleged suspects in van shortly pouring out sweat within minutes. Plaintiff requested to speak to the Lieutenant or Supervisor to have van change due to the circumstances, at which time Unknown JOHN DOE approach van and witness the situation and said "Dame" "sorry but that's all we have left".

**33.** Plaintiff was dehydrated, and dizzy, prior to requesting for water before this last incident. Assistance for plaintiff was called by JOHN DOE who put ice pads and put couple ice packs on plaintiff.

## V CONCLUSION

**34.** All allegations set forth in paragraph 1 through 67 are incorporated herein its entirety by reference.

**35.** According to the 1st, 4th, 5th, 6th, 8th, pursuant to the 14th Amendment of the United States Constitution the Plaintiff has a right to Life, Liberty and Property,

**36.** Plaintiff has the right to use the public right of ways, in which to provide life's essentials for his or her family, without being terrorized by corporate employees acting as "Tort Favors."

## VI RIGHT OF ACTION

37. All paragraphs set forth in paragraph 36 through 40 are incorporated herein, by reference.

38. On July18, 2013, Plaintiff was stopped on a public side walk, compelled to forcibly freeze and produce identification, terrorized, in fear of his life, held captive, not free to leave, had his property searched and seized, threaten to charge plaintiff with numerous administrative code statute violations. And was later told he had a warrant.

39. When clearly Plaintiff has "NO" intentions of contracting with Defendants' of New York City Police Department. Plaintiff requested to see the warrant. Sgt. Hiram later brought a fake warrant from the computer with no validity as to when and who signed the warrant.

40. On July18, 2013, on or about 11:47pm, Plaintiff was enjoying the right to use the public right of ways.

41. Complainant property was seized and removed by a third party, JOHN DOE #1.

## VII FEDERAL CAUSES OF ACTION

42. **Federal Causes of Action, on** July18, 2013. **On or about 11:47 pm**, the herein described actions, engaged in under color of state law, and working in concert while in non-compliance with rules of agency and non-compliance with fiduciary duties to the public and responsible because of its authorization, appropriated wrongfully, gross misrepresentation, deceptive trade practices and ratification thereof, for the acts by the Defendants, SERGEANT Hiram, [POM]OFFICER Bubeck, William, OFFICER Wilson, OFFICER Alieso, JOHN DOE #1 are being sued in their individual and capacity.

43. **FIRST CAUSE OF ACTION**, as officers, employees, servants, assigns, and agents, who deprived the Plaintiff of her rights secured to him by the Constitution of the United States of America including the right to use the public right of ways, but not limited to her First (1st) Amendment right to freedom of expression and

8

redress of grievance, which was denied by Defendants'; when the Defendants go in disguise upon the Public side walk, acting under the color of State law, falsely created an illusion of emergency, took control and possession of Plaintiff, searched and seized property without redress of grievance operating outside their jurisdiction and scope of authority.

44. **SECOND CAUSE OF ACTION**, officer, deputies, employees, servants, assigns, and agents, who deprived the Plaintiff of her rights secured to her by the Constitution of the united states of America including the right to use the public right of ways, but not limited to her Fourth (4th) Amendment right to be free from unlawful search, seizure, detention of her person, secure in her conveyance, papers, and effects from unreasonable searches, terrorized and unprovoked attacks, absent a Fourth Amendment Warrant signed by a judge, and absent an Affidavit of Complaint signed under penalty of perjury by a competent witness; by the above Defendants acting under the color of State law held Plaintiff against her will, over her objection, without her consent and deprived her of her conveyance without the privilege to do so.

45. **THIRD CAUSE OF ACTION**, POM Officers, Deputies, Employees, servants, assigns, and agents, who deprived the Plaintiff of her rights secured to her by the Constitution of the united states of America including the "Right to Travel" on the public highways, but not limited to her Fifth (5th) Amendment, pertinent to Fourteenth (14th) Amendment right to be subject to or answer to a crime absent an indictment from a Grand Jury, nor be deprived of life, liberty, or property, without due process of law, nor shall Plaintiff's private property be taken without just compensation. Plaintiff is denied equal protection of the law, and her right to be free from terror and fear of unjustified arrest, searches and seizure by the above Defendants acting under the color of State law without the privilege to do so.

46. **FOURTH CAUSE OF ACTION**, POM Officers, deputies, employees, servants, assigns, and agents, who deprived the Plaintiff of Her rights secured to Her by the Constitution of the united states of America including the right to use the public right of ways, but no limited to her Sixth (6th) Amendment right to be informed of the nature and cause of the charges against Plaintiff, be confronted with the witness against him,

a crime shall have been committed. Plaintiff did not commit a crime nor intended to when stopped by SERGEANT SGT. NIEVES HIRAM, POM BUBECK WILLIAM, And JOHN DOE #1.

47. **FIFTH CAUSE OF ACTION**, Officers, Deputies, Employees, Servants, assigns, and agents, who deprived the Plaintiffs of his rights secured to him by the Constitution of the United States of America including the right to use the public right of ways, but not limited to her Eighth (8th) Amendment Right against cruel and unusual punishments inflicted, includes unlawful detention.

48. **SIXTH CAUSE OF ACTION**, Probable cause is a level of evidence held by a rational and objective observer necessary to justify logically accusing a specific suspect of a particular crime based upon reliable objective facts. Plaintiff due process was also violated.

49. It is more than mere suspicion but less than the amount of evidence required for illegal detention, kidnapping, harassment, intimidation, unprofessionalism, unreasonable search and seizures, and unwarranted and most importantly his liberty solely and undisputed, protected under the United States Constitution and the Bill of Rights.

50. Plaintiff suffered physical and emotional, cruel and unusual punishment at the hand of Defendants. Importantly, violating his liberty and denying him due process.

51. NEW YORK CITY POLICE DEPARTMENT "NYPD" is a suitable entity under United States Code [U.S.C.] **Title 42, SECTION 1983, 1985, 1986 and 1988.**

52. A trial able issue of fact exists simply because reasonable juries could find that Sgt. Hiram and Co-Defendants' et. al., could find that defendants' conduct, as alleged by Plaintiff, was excessive and unprofessional and, did in fact constitute more than a _de minimis_ use of force and infringement on his liberty. Pierre-Antoine v. City of New York, No. 04 Civ. 6987, 2006 WL 1292076, at *3 (S.D.N.Y May 9, 2006).

53. SGT. HIRAM and Co-Defendants; all employed by the New York POLICE DEPARTMENT. "NYPD" verbally assaulted Plaintiff by Unlawfully offering or attempting to injure him apparent present

ability to effectuate the injure under circumstances, thereby creating fear of imminent intimidation when he once again pinned Plaintiff against the unmarked patrol car and shouted in his face." Shut the fuckup"

54. Defendants' battered Plaintiff by intentionally and offensively contacting Plaintiff's body when he pinned him against the patrol car and when he conducted a pat search without his consent, the requisite level of suspicion and by unlawfully detaining him against his will.

55. It has been the policy and custom of the NEW YORK POLICE DEPARTMENT to fail to exercise reasonable care in hiring or promoting such Officers' including defendants; thereby failing to adequately discourage further constitutional violations on the part of its police officers.

56. As a result of the above described policies and customs, most police officers' of the "NYPD" believed that their actions such as increasing unnecessary "STOP and FRISK" would not be properly monitored by supervisory officers and that their misconduct would NOT be investigated or sanctioned, but would be tolerated.

57. Furthermore, above described policies and customs demonstrate a deliberate indifference on the part of the New York City POLICE DEPARTMENT to the constitutional rights of persons within the City of New York, and were the cause of violations of Plaintiff rights alleged herein; while acting in the scope of their employment.

## PRAYER FOR RELIEF

**WHEREFORE:** Mr. Djangmah "Plaintiff" demands this Honorable Court: in the interest of justice

a. Enter Judgment in favor of plaintiff and against Defendants;

b. Enter an order declaring Defendant Sgt. Hiram and Co-defendants conduct was in fact unconstitutional;

c. Award Plaintiff compensatory and punitive damages against Defendants;

d. Award Plaintiff's sixth Amendment counsel reasonable attorneys' fees and costs pursuant to 42 U.S.C. 1988 and any other applicable provisions of law not mentioned by Plaintiff.

e. Enter permanent injunction, upon proper motion, requiring Defendants' and its Employer/s "NYPD" to adopt appropriate policies related to hiring and supervision of its police officers; and

f. Grant to Plaintiff such other and further relief as may be just and proper under the circumstances, including but not limited to appropriate injunctive relief. Defendants' denied Plaintiff's right to travel upon the public rights of way, and denied Plaintiff Life, Liberty, and Property.

g. Caused Plaintiff to loose Job as a result to unlawful, unwarranted arrest.

## **A DECLARATORY JUDGMENT FOR:**

(a) Ten Million Dollars for violation of my rights guaranteed by the Constitution of the United States of America;

(b) Declaratory judgment for compensation, search, impound and rental fees from third party Defendant for deprivation.

(c) Declaratory judgment for cost of disbursement, research, and time incurred for this action;

(d) Declaratory judgment for false arrest;

(e) All attorney fees in processing this action pursuant to Title 42 U.S.C. Section 1988; **1983, 1985, 1986**

(f) All rights reserved and the right to amend complaint as needed;

(g) Complainant reserves the right to correct or update list of Defendants reflecting injuries due to Non-Compliance.

(h) <u>Declaratory judgment for Complainant's record to be totally expunged</u>; all fingerprints, photos, and report expunged from the INLET system.

(i) Such other and further relief as to the court deems proper.

Dated: 1/6/2013

## PROOF OF SERVICE

I have read the **COMPLAINT FOR DAMAGES, CIVIL RIGHTS VIOLATIONS, U.S.C. Title 42, Section 1983, 1985, 1986, 1988, & Civil Rico** and know the contents thereof to be true; and the same is true of my own knowledge, except to the matters, which are therein stated on my information and belief, and as to those matters, I believe them to be true. I declare under penalty of perjury by this Court having exercised its full authority, to make sure justice is done.

Respectfully Submitted,

_____
Victor T. Djangmah (sui juris)
U.C.C. 1- 207/308


_____
NOTARY PUBLIC/COMMISSION EXPIRES

LAWRENCE A. OMANSKY
NOTARY PUBLIC, STATE OF NEW YORK
NO. 4625754
QUALIFIED IN NEW YORK COUNTY
FORM EXPIRES MARCH 30, 20 14

14