UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
VICTOR T. DJANGMAH,

                Plaintiff,             14-cv-732 (PKC)

    -against-                  ORDER ON REPORT
                                            AND RECOMMENDATION

SGT. NIEVES HIRAM, et al.,

                Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/18/17

        Plaintiff Victor T. Djangmah, who is not represented by counsel and is proceeding pro se, filed the Complaint in this action on January 30, 2014, alleging Constitutional claims related to his arrest and detention by law enforcement officers. This Court referred the action to Magistrate Judge James L. Cott for general pretrial supervision.

        On September 25, 2015, Magistrate Judge Cott issued a Report and Recommendation (the "R&R") recommending that the action be dismissed for failure to prosecute. (Docket # 42.) The R&R advised Mr. Djangmah of the deadlines for filing objections and advised him to contact the undersigned if he needed to request an extension to do so. (Id. at 8-9.) It called his attention to Rule 72(b), Fed. R. Civ. P., and 28 U.S.C. § 636(b)(1), and it warned him that failure to file objections would result in a waiver of his right to object and preclude appellate review. (Id. at 9.) Mr. Djangmah filed no objections to the R&R, and he has not communicated with the Court in any other way.

        Where clear notice of the consequences of a failure to object has been provided, the Court may adopt an unobjected-to report and recommendation without de novo review. See

Mailed to plaintiff 4/18/17

Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings"); see also Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."); Caidor v. Onondaga Cty., 517 F.3d 601, 604 (2d Cir. 2008).

Mr. Djangmah was advised of his opportunity to object and the consequences for not doing so. He filed no objections. Magistrate Judge Cott's R&R is therefore adopted.

The Court also notes that although it is not required to conduct a review of the R&R, the conclusions of Magistrate Judge Cott are detailed, well-reasoned and grounded in law. The R&R recounts Mr. Djangmah's repeated refusals to comply with court orders, which significantly obstructed the progress of this case. Among other things, it unnecessarily delayed service of process on the defendants and prevented the identification of John Doe defendants. Magistrate Judge Cott ultimately issued the R&R only after Mr. Djangmah failed to follow additional orders and did not attend a scheduled conference. Further, Mr. Djangmah was repeatedly warned that his failure to comply with Magistrate Judge Cott's orders could result in dismissal of this action for failure to prosecute.

The R&R is therefore adopted, and this action is dismissed. The Clerk is directed to enter judgment for the defendants and to close this case.

Mr. Djangmah has not made a substantial showing of the denial of a constitutional right and, accordingly, a certificate of appealability will not issue. See 28 U.S.C. § 2253; Blackman v. Ercole, 661 F.3d 161, 163-64 (2d Cir. 2011). This Court certifies pursuant to 28

U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and in forma pauperis status is therefore denied. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

    SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
       April 17, 2017